UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:10-CR-95 |
| | ) | |
| FRANCISCO MARTIN | ) | |

**MEMORANDUM OPINION AND ORDER**

The United States has moved for a restitution order to compensate two victims of sexual exploitation depicted in images of child pornography which defendant, Francisco Martin, has been found guilty of receiving and distributing. The issue before the Court is whether the harm suffered by victims depicted in images of child pornography was proximately caused by persons who knowingly receive and/or distribute that child pornography, that is, an "end user" such as defendant.

**BACKGROUND**

On July 29, 2010, Morristown Police Department Detective Michael O'Keefe conducted an authorized investigation to access the Gnuteela network to search for computers sharing child pornography. On that date, Detective O'Keefe downloaded 167 images of child pornography from the defendant's IP address.

Subsequently, on August 31, 2010, federal agents executed a search warrant at Martin's residence in Jefferson City, Tennessee. Computers and hard drives which contained 2,460 images and 538 videos depicting child pornography were seized. Fourteen victims, including the victims from the "Vicky" series and the "Jan_Feb" series, were identified in this child pornography

through the Child Victim Identification Program database. On September 15, 2010, a federal grand jury charged Martin with knowingly receiving, possessing and distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5)(B). On September 16, 2010, Martin was arrested and detained pending trial.

After having been evaluated by the Bureau of Prisons and determined to be competent, the defendant proceeded to trial. On March 30, 2011, he was found guilty of all three counts of the indictment. Based upon the holding in *United States v. Ehle*, 640 F. 3dd 689 (6th Cir. 2011), the Court vacated the defendant's conviction on Count 2 which charged knowingly possessing child pornography because this was a lesser-included offense in regard to Count 1 which charged knowingly receiving child pornography. Even though the defendant's advisory guidelines range was 292 to 365 months, the defendant was sentenced on December 13, 2011, to 156 months imprisonment on Counts 1 and 3 to run concurrently, for a net effective sentence of 156 months.

The United States Probation Officer responsible for preparing the Presentence Investigation Report received requests and supporting documentation regarding restitution for two of the child victims identified in Martin's collection of child pornography images, that is, the victims from the "Vicky" series and the "Jan_Feb" series.

## **ANALYSIS**

As explained by the Sixth Circuit in *United States v. Evers,* 669 F.3d 645, 654 -655 ( 6th Cir. 2012) :

> The Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259, was enacted for the purpose of compensating the victims of offenses involving the sexual exploitation of children. It makes restitution "mandatory" for such crimes and "direct[s] the defendant to pay the victim ... the full amount of the victim's losses as determined by the court." 18 U.S.C. § 2259(b)(1), (b)(4). The term

> "victim" is defined by the Act as
>> the individual harmed as a result of a commission of a crime under this chapter, *including, in the case of a victim who is under 18 years of age,* incompetent, incapacitated, or deceased, *the legal guardian of the victim* or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.
>
> 18 U.S.C. § 2259(c) (emphasis added). The Act further defines "the full amount of the victim's losses" as any costs incurred by the victim for—
>
>> (A) medical services relating to physical, psychiatric, or psychological care;
>>
>> (B) physical and occupational therapy or rehabilitation;
>>
>> (C) necessary transportation, temporary housing, and child care expenses;
>>
>> (D) lost income;
>>
>> (E) attorney's fees, as well as other costs incurred; and
>>
>> (F) any other losses suffered by the victim as a proximate result of the offense.
>
> 18 U.S.C. § 2259(b)(3)(A)-(F). "An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." *Id.* at § 2259(b)(2).

*Evers,* 669 F.3d at 655. The government bears the burden of proving the amount of the victim's loss by a preponderance of the evidence. 18 U.S.C. §§ 2259(b)(2), 3664(e); *Evers* at 655; *United States v. Kratt,* 579 F.3d 558, 565 (6th Cir.2009); *United States v. Vandeberg,* 201 F.3d 805, 814 (6th Cir.2000).

<mark>3</mark>

In *Evers*, the Sixth Circuit addressed an issue of first impression in this circuit regarding the scope of § 2259. Finding the reasoning of the circuit majority to be persuasive, the Court in *Evers* found that "evaluated in light of its common-law foundations[,] proximate cause ... requires 'some direct relationship between the injury asserted and the injurious conduct alleged,'" *Evers* at 659 (quoting *Hemi Group, LLC, v. City of New York,* ––U.S. ––, 130 S.Ct. 983, 989, 175 L.Ed.2d 943 (2010) (quoting *Holmes v. Sec. Investor Prot. Corp.,* 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)), and that "[a] link that is 'too remote,' 'purely contingent,' or 'indirec[t]' is insufficient." *Id.* (quoting *Holmes,* 503 U.S. at 271, 274, 112 S.Ct. 1311).

The Court in *Evers* concluded that the framework set out in *United States v. Kennedy*, 643 F. 3d 1251, 1262-63 (9th Cir. 2011), is consistent with the Sixth Circuit's interpretation of proximate cause in the context of § 2259:

> for purposes of determining proximate cause [under § 2259], a court must identify a causal connection between the defendant's offense conduct and the victim's specific losses. There may be multiple links in the causal chain, but the chain may not extend so far, in terms of the facts or the time span, as to become unreasonable[.] Although the [d]efendant's conduct need not be the sole cause of the loss, it must be a material and proximate cause, and any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct[.]
>
> *Kennedy,* 643 F.3d at 1262–63 (citations and internal quotation marks omitted). This framework is consistent with our own interpretation of proximate cause in this context. *See In re McNulty,* 597 F.3d 344, 350, 352 (6th Cir.2010) (holding that "[t]he requirement that the victim be 'directly and proximately harmed'[under the Crime Victims' Rights Act, 18 U.S.C. § 3771] encompasses the traditional 'but for' and proximate cause analyses," and "requires that the harm to the victim be closely related to the conduct inherent to the offense, rather than merely tangentially linked.") (citations and internal quotation marks omitted).

4

*Evers*, 669 F.3d at 659.

Therefore, this Court must view the issues raised by the restitution request in three steps: (1) the requirement for an individual to be considered a "victim" within the meaning of § 2259(c); (2) the causation requirement applicable to determining which "costs incurred by the victim," *id.* § 2259(b)(3), are compensable; and (3) assuming that a victim has identified compensable costs that satisfy the causation requirement, whether the court can make a reasonable determination of a dollar figure. See *Kennedy*, 643 F.3d at 1263.

Under § 2259, restitution may only be awarded to a "victim," which "means the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. § 2259(c); *United States v. Kearney*, 672 F.3d 81, 93 -94 (1st Cir. 2012). To establish that the victims of the the "Vicky" series and the "Jan_Feb" series were harmed by the crime committed by Martin, the government relies on the reports of Sharon Cooper, M.D., and Randall L. Green, Ph.D., to establish proximate cause as well as damages.

Dr. Cooper's report dated July 1, 2010, summarizes her evaluation in the fall and winter of 2009 of "L.S." the victim in the "Jan_Feb" series. She estimates that 50% of the victim's damages are directly due to individuals who continue to download, trade and possess images of her abuse. The attorney for "L.S." claims damages of $1,841,400.00 or in the alternative $150,000.00.

Dr. Green's original report dated May 22, 2009, which addressed the damages suffered by the victim of the "Vicky" series, was updated by reports dated December 2, 2009, and July 5, 2010. The attorney for the victim of the "Vicky" series claims damages "deserving of restitution" in the amount of $952,759.81.

However, these reports relied upon by the government to establish proximate cause

and damages were based upon observations of and interviews with the victims before the defendant was even investigated, indicted, or arrested. In addition, there is no proof that the victims had direct contact with the defendant nor that they were aware of his existence even though they may have received downloaded notices in regard to other individuals. As in *United States v. Aumais,* 656 F.3d 147, 155 (2d Cir.2011), the report relied upon by the government to establish proximate cause was based upon observations of and interviews with the victim *before* the defendant was arrested, and the Second Circuit held, as a matter of law, that the victim's injuries could not be proximately caused by the defendant's possession of images of the victim. *Id.* Also consistent with this approach, the Eleventh Circuit has upheld a restitution award where a victim received notification that the defendant had been arrested for viewing the victim's images, and the government presented evidence showing the effect of that notification on the victim. *United States v. McDaniel,* 631 F.3d 1204, 1209 (11th Cir. 2011).

**CONCLUSION**

In this case, there has been no evidence produced to establish a proximate link between Martin's receipt or distribution of images depicting the victims and the victims' injuries. Thus, this Court concludes that the United States has failed to show that Martin's conduct is the proximate cause of the victims' damages, and the motion for a restitution order for the victims of the "Vicky" series and the "Jan_Feb" series is **DENIED**.

                                                               s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE